FILED
IN THE COURT OF APPEAL:
AT SAN ANTONIO, TEXA:
Nov. 1
2017 OCT 32 AM 11: 19

Keith E. Hottle
KEITH E. HOTTLE, CLERK

## CAUSE NO. 04-17-00229-CV

2017 NOV - 1 AM 11: 34
IN THE COURT OF APPEAL:
AT SAN ANTONIO, TEXA:
FILED

Malcolm C. Halbardier, *Appellant* v. Arthur Perez, *Appellee*

Appeal from the County Court at Law No. 3 of Bexar County, Texas
Trial Court Case No. 2016CV07203

## APPELLEE'S RESPONSE TO APPELLANT'S BRIEF

Arthur Perez
20119 Park Ranch
San Antonio, Texas 78259
Telephone: (210) 834-8454
*Pro Se Litigant*

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38, Appellee, Arthur Perez, provides the following list of all parties to the Trial Court's judgment and the names and addresses of all trial and appellate counsel.

Malcom C. Halbardier
20115 Park Ranch
San Antonio, Texas 78259
210-615-1244
Fax: 210-247-6153
E-mail: malcolmhalbardier@gmail.com
State Bar No. 08718000
*Plaintiff- Pro Se*

THE LAW OFFICE OF M'LISS CHRISTIAN
Riverview Towers
111 Soledad, Ste. 358
San Antonio, Texas 78205
210-229-9191
Fax: 210-826-1838
E-mail: mchris100@aol.com
State Bar No. 13416550
*Plaintiff Counsel in Trial Court Only*

Arthur Perez
20119 Park Ranch
San Antonio, Texas 78259
*Defendant*

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL............................................i

TABLE OF AUTHORITIES.....................................................ii

TABLE OF CONTENTS.......................................................iii

STATEMENT OF THE CASE.....................................................1

ISSUES PRESENTED..........................................................1

STATEMENT OF FACTS........................................................1

SUMMARY JUDGMENT..........................................................2

ARGUMENT..................................................................4

PRAYER....................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Stable Energy, L. P. v. Kachina Oil & Gas, Inc.,*
52 S.W.3d 327,336 (Tex.App.-Austin 2001, no pet.)...............................3, 8

*BP Am. Prod. v. Zaffirini,*
419 S.W.3d 485, 507 (Tex. App. —San Antonio 2013, pet. denied.).............3

*Black Lake Pipe Line Co. v. Union Constr. Co.,*
538 S.W.2d 80, 86 (Tex. 1976).....................................................3, 8

*In re Kellogg Brown & Root, Inc.,*
166 S.W.3d 732, 740 (Tex. 2005.)..................................................3

*Valero South Texas Processing Co. v. Starr County Appraisal Dist.,*
954 S.W.2d 863, 865 (Tex. App.—San Antonio 1997, writ denied)............4, 6

*Fraser v. Goldberg,*
552 S.W.2d 592, 594 (Tex. Civ. App.—Beaumont 1977, writ ref'd n.r.e.)....4, 6

*Cherne Industries, Inc. v. Magallanes,*
763 S.W.2d 768, 773 (Tex. 1989).....................................................4

**Rules**
TEX. R. APP. P. 44.1.................................................................4

## STATEMENT OF THE CASE

Appellant sued Appellee to recover half the cost of replacing 90 feet of common fence. The trial court entered a Take Nothing Judgment against the Appellant, who is an attorney by trade, after taking evidence and hearing the arguments of the parties. (Appellee is not an attorney.)

## ISSUES PRESENTED

Whether Appellant has adequately raised points of error entitling him to the relief he requests from this Court.

## STATEMENT OF FACTS

Appellant, an attorney, alleges Appellee, his neighbor, agreed to pay him for half the price of replacing their adjoining fence line up to Appellee's return. Appellee believed that Appellant was replacing the entire adjoining fence, not just up to the "return." The pictures of the fence line show fence work that was abruptly stopped along the adjoining fence. *See* (CR at pp. 16 Plaintiff's Exhibit Number 6.).

Appellee refused to pay all $720 (his half of the replacement cost) because the work was incomplete and shoddily done, though he did offer to pay 9/10 thereof. *See* RR (18 at 1-18.); (CR at pp. 16 Plaintiff's Exhibit Number 6.) (photographing how they stopped short of completing the fence). The trial court had to decide whether this oral agreement of sorts between neighbors was enforceable as a

1

contract, or alternatively provided a basis for implied contract relief (promissory estoppel or quantum meruit). The trial judge entered a take nothing judgment.

## SUMMARY OF ARGUMENT

This case was tried before the Court. Judge David J. Rodriguez sat as the trier of fact. After evaluating the credibility and weight of the evidence (primarily witness testimony) and considering the arguments of the Parties, Judge Rodriguez determined that Appellant had failed to meet his burden of proof and issued a Take Nothing Judgment.

As the Court was sitting as the trier of fact, those determinations (as the credibility and weight of the evidence) are entitled to deference. Only Judge Rodriguez was able to preside of the witness testimony, to observe the demeanor of the witness, and to make a wholistic decision based on the full body of evidence and argument presented to him as the trial court and trier of fact. Appellant has failed to state correct issues for appeal.

We cannot assume that Appellant is arguing that Judge's decision was against the great weight of the evidence or unsupported by the any evidence. However, even so, the trier of fact, Judge Rodriguez, could have dismissed as incredible the testimony supplied by Appellant and determined that, accordingly, Appellant had failed to meet his burden of proof. Because Appellant bore the burden of proof, if in

2

the trier of facts discretion, he determined that the proofs offered were not worthy of credence, his judgment ought to be upheld.

Further, Appellant's issues on appeal are contradictory and self-defeating. Initially, Appellant argues that there is a judicial admission that "a valid oral contract existed." *See* (App. B. at iv.). In his brief, Appellant states, "There was certainly an oral contract and a meeting of the minds, by Appellee's own judicial admission." *See* (**Id.**). Then, in Appellant's second and third issues on appeal, he contends that the trial court erred when it rendered judgment against Appellant on his claims for promissory estoppel and quantum meruit. However, claims for promissory estoppel and quantum meruit are defeated by the existence of a valid contract. *See Stable Energy, L.P. v. Kachina Oil & Gas, Inc.*, 52 S.W.3d 327, 336 (Tex. App. —Austin 2001, no pet.) ("If an alleged promise is part of a valid contract, the promisee cannot disregard the contract and sue for reliance damages under the doctrine of promissory estoppel."); *BP Am. Prod. v. Zaffirini*, 419 S.W.3d 485, 507 (Tex. App. —San Antonio 2013, pet. denied.); *see also Black Lake Pipe Line Co. v. Union Constr. Co.*, 538 S.W.2d 80, 86 (Tex. 1976); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005.) ("A party generally cannot recover under *quantum meruit* when there is a valid contract covering the services or materials furnished.").

Finally, the trial court's failure to make findings of fact and conclusions of law is not a basis for reversal of the appeal when it is harmless error. Appellant bears

3

the burden of showing that, due to the trial court's failure to make findings, he was prevented from making a proper presentation of the case to this Court. In simple case, when the record shows that the case involves only one ground of recovery or defense, there is little dispute as to the facts, and the appellate record is short, the appellant may not be unduly burdened by the trial court's failure to make findings. *See Valero South Texas Processing Co. v. Starr County Appraisal Dist.*, 954 S.W.2d 863, 865 (Tex. App.—San Antonio 1997, writ denied); *see, e.g., Fraser v. Goldberg*, 552 S.W.2d 592, 594 (Tex. Civ. App.—Beaumont 1977, writ ref'd n.r.e.) (reporter's record less than 63 pages and case involved single defense). Appellant has failed to meet his burden. The facts of the case are simple. No defenses were pled. While Appellant made three claims they all come down to whether Appellee breached a valid oral contract with Appellant or otherwise caused Appellant to rely, on those same oral statements, to Appellant's detriment. Further the proper remedy in this circumstance is to abate the appeal and remand so that the trial judge may correct his error. TEX. R. APP. P. 44.1; *see Cherne Industries, Inc. v. Magallanes*, 763 S.W.2d 768, 773 (Tex. 1989).

## ARGUMENT

The Court heard the testimony, and the issues were simple. Was there a contract? What were the terms of that contract? Did Appellee breach the contract or was it actually appellant? Regardless of the pleadings, several defenses were tried

4

by consent. The judge took special attention to, what appears to be, a mutual mistake of fact and a breach by Appellant. *See* (RR at pp. 52, 18-25–53, 1-21):

> THE COURT: Okay. And Mr. Halbardier's position is that the agreement between the plaintiff and the defendant in this cause, not between Mr. Halbardier and Quality Fence, but between plaintiff and defendant in this cause is that it was only for this 90 feet.
>
> MS. CHRISTIAN: Correct.
>
> THE COURT: Up until the return fence that hits -- is this Mr. Halbardier's property?
>
> MS. CHRISTIAN: That's Mr. Halbardier's
>
> property. Yes.
>
> THE COURT: And this is Mr. Perez's property?
>
> MR. PEREZ: Yes, sir.
>
> MS. CHRISTIAN: Yes.
>
> THE COURT: Okay. And Mr. Perez evidently was under the impression, based on your testimony, that it spanned the whole property line up to that return fence.
>
> MR. PEREZ: Yes, sir.
>
> THE COURT: Okay. So we're talking about that little 10 piece -- 10-foot piece of fence.

5

MR. PEREZ: 10-foot section.

THE COURT: Okay. Is this Mr. Halbardier's property here?

MS. CHRISTIAN: Yes.

THE COURT: Okay. And -- and this is Mr. Perez's property here. This is the property line?

MR. PEREZ: Yes.

THE COURT: Okay. Okay. I'm pretty clear on -- on both y'all's positions. I'll get back with you by the close of business tomorrow.

(RR at pp. 52, 18-25–53, 1-21)

The Court clearly concluded that the parties were not on the same page, when it came to this oral agreement. *See* (**Id.**). Because of these findings and the simplicity of the case, the case should not be reversed for the court's failure to provide findings of fact and conclusions of law. *See Valero South Texas Processing Co. v. Starr County Appraisal Dist.*, 954 S.W.2d 863, 865 (Tex. App.—San Antonio 1997, writ denied); *see, e.g., Fraser v. Goldberg*, 552 S.W.2d 592, 594 (Tex. Civ. App.—Beaumont 1977, writ ref'd n.r.e.)

Appellant bore the burden of proving a valid enforceable contract, that Appellee breached the contract, and that Appellant was damaged as a result. The alleged contract was between neighbors. Appellee allegedly promised to repay Appellant for replacement of their adjoining fence, not part of their adjoining fence,

6

but the entire thing. *See* RR (18 at 1-18.). Appellant hired a contractor to perform the work. When it was done, Appellee was dissatisfied. *See* RR (18 at 1-18.). His primary problem was that the contractor stopped short of completing the entire fence on the adjoining property line. *See* RR (18 at 1-18.). It looked horrible. *See* RR (pp. 44 at 11-23.). *See* (CR at pp. 16 Plaintiff's Exhibit Number 6.) (photographing how they stopped short of completing the fence).

Appellee refused to pay the full amount. The contractor had not completed the fence, and thus Appellant had not completed his end of the bargain. *See* RR (18 at 1-18.). Before he knew it (after minimal attempts to resolve the case), Appellee was in court, over $720. *See* RR (). This despite the fact that Appellee repeatedly offered to pay 9/10 of the cost of replacing the fence, since the fence was 90% completed. *See* RR (). The Court concluded that there was a contract and a promise to pay, but that the promise was too uncertain for there to be reasonable reliance and the contract was either unenforceable because of mutual mistake or was breached by Appellant. *See* (RR at pp. 52, 18-25–53, 1-21).

The Court was able to observe the parties. It concluded Appellee was under the impression that the agreement was to construct a fence along "the whole property line." This appears by far the more reasonable conclusion. Appellant thought it was just the first 90 feet up to the return on Appellant's fence. Appellant got a quote and asked Appellee if he would pay for half the fence. Appellant did not rely on

promissory estoppel or quantum meruit. He points to no evidence of reasonable reliance or the elements of quantum meruit. (Apparently, the quantum meruit claim was assigned from Quality Fencing.)

Appellant based his case solely on breach of contract. (And, at any rate, his other claims are barred by the existence of said contract.) *See Stable Energy, L.P.*, 52 S.W.3d at 336; *Black Lake Pipe Line*, 538 S.W.2d at 86. The real issues were whether that contract was unenforceable because of a mutual mistake of the parties or whether there was never any mistake, and Appellant simply failed to perform (and he knows it). If Appellant did not substantially perform the contract and materially breached it (when he contract to have only 9/10 of the fence replaced), then Appellee's refusal to pay for something he had not bargained for (i.e., for part of a fence rather than a whole fence) was excused.

Alternatively, if there was a mistake and Appellant simply failed to perform because he thought the deal was for part of the fence line, while Appellee thought it was for the whole fence line, then the agreement's breach is likewise excusable. In either case, the existence of the contract bars the other claims.

## PRAYER

Appellee, Arthur Perez, respectfully, for the reasons stated above, asks the Court to affirm the judgment of the trial court, or alternatively, to abate the appeal

8

and remand the case to the trial court for the trial court to make findings of fact and conclusions of law, should this Court determine that this was harmful error.

Respectfully submitted,


_/s/ Arthur Perez_
Arthur Perez, Appellee
20119 Park Ranch
San Antonio, Texas 78259

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 24, 2017, a copy of the foregoing response was served on Appellant by the manner indicated:

Malcom C. Halbardier                      *VIA E-MAIL*
20115 Park Ranch
San Antonio, Texas 78259
210-615-1244
Fax: 210-247-6153
*E-mail: malcolmhalbardier@gmail.com*
State Bar No. 08718000
Date: October 25, 2017 Time: 4:00 p.m. (CST)
Document was Electronically Served, and
Electronic Transmission was Reported as Complete.
*By E-mail*

<u>      /s/  Arthur Perez                </u>
Arthur Perez
*stxone@sbcglobal.net*